Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermabuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MARLONESHA BECKER, on behalf of
herself and all others similarly situated,

     Plaintiff,

v.

KAMY KESHMIRI, an individual; JAMY
KESHMIRI, an individual; FANTASY
GIRLS, LLC. A Nevada limited Liability
corporation, DOE MANAGERS 1-3; and
DOES 4-100, inclusive,

    Defendants.

Case No.: 3:19-cv-00602-LRH-WGC

**DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE**

COME NOW Defendants KAMY KESHMIRI, an individual, JAMY KESHMIRI, an individual, and FANTASY GIRLS, LLC, a Nevada limited Liability corporation (hereinafter referred to collectively as "Defendants"), and files this reply to Plaintiff's Opposition to Defendants' Motion to Strike.

### INTRODUCTION

Plaintiff was never a client of the Defendants' Counsel, and no one from the law firm of Thierman Buck, LLP ever spoke to Plaintiff. Standing to bring a motion to disqualify based on a third-party conflict of interest requires that plaintiff establish that the lawyer's representation

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

impacts plaintiff's legal interest because a "specifically identifiable impropriety has occurred," an ethical breach "infects the litigation," or there is a "breach of the duty of confidentiality owed to the complaining party, regardless of whether a lawyer-client relationship existed." *Liapis v. Second Judicial Dist. Court of State*, 282 P.3d 733 (Nev. 2012).

Plaintiff argues that Defendants' Counsel has a conflict of interest because she was within a non-certified putative class of dancers who might receive prospective relief from a successful result in the case of *Dancers Jane Doe 1-166 v. City Attorney Karl Hall*, No. 3:18-cv-00285-MMD-WGC (D. Nev. 2018). Plaintiff became a dancer in Reno after the facts alleged in that complaint occurred. Under these facts, Plaintiff cannot establish grounds for disqualification. Therefore, any references to a conflict of interest by Thierman Buck, LLP are irrelevant and clearly designed to prejudice the Court against Defendants and/or Counsel. Therefore, those references should be struck from Plaintiff's Opposition to Defendant's Motion to Dismiss as "redundant, immaterial, impertinent, or scandalous." *See e.g.,* Fed R. Civ. P. 12(f); 5C Wright & Miller, supra, §1380; *Scherer v. Steel Creek Prop. Owners Ass'n,* 1:13cv121, at *3 (W.D.N.C. Mar. 3, 2014).

## ARGUMENT

## I.   PLAINTIFF BEARS THE BURDEN OF PROOF IN A DISQUALIFICATION MOTION

Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard,* 2011 U.S. Dist. LEXIS 98308, *5 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp*., 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)); see also *United States v. River Irr. Dist.,* 2006 U.S. Dist. LEXIS 95342, *17 (D. Nev. Mar. 10, 2006) (disqualifying an attorney is a "drastic measure"). "Courts are especially vigilant that such motions are not misused for the purpose of harassment, delay, or other tactical advantage." *Russell Road Food & Beverage, LLC v. Galam*, 2014 U.S. Dist. LEXIS 104905, *4 (D. Nev. July 31, 2014). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd*., 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). The

party seeking disqualification bears the burden of proof. *See, e.g., Colyer v. Smith*, 50 F. Supp. 2d 966, 974 (C D. Cal. 1999).  Magistrate Judge Koppe's reasoning in *Trade Show Servs., Ltd. v. Integrated Sys. Improvement Servs., Inc.,* must apply:

> Pursuant to Nevada law, the moving party bears the burden to prove that: (1) there is a reasonable possibility that some specifically identifiable impropriety occurred and (2) "the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." *Brown v. Eighth Judicial Dist. Court,* 14 P.3d 1266, 1269-70 (Nev. 2000). [¶] In determining the first factor, the Court analyzes whether or not the relevant rules of professional conduct were violated. See *United States ex rel. Luke,* 2017 U.S. Dist. LEXIS 186894, at *9-13; see also United *States v. Fuechtener,* 2016 U.S. Dist. LEXIS 153338, at *5-12. In determining the second factor, the Court looks for a reasonable probability that the attorney against whom the motion to disqualify is made acquired any privileged or confidential information relevant to the litigation. See *Brown*, 14 P.3d 1266 at 1260. [¶] Even in instances where confidential or privileged information has been obtained by the challenged attorney, the Court may consider "a host of other considerations, including the flagrancy of the attorney's conduct; [and] the sensitivity of the information and its relevance to the particular proceedings..." *Rebel Communs*., LLC v. Virgin Valley Water Dist., 2011 U.S. Dist. LEXIS 21489, at *35-36 (D. Nev. Feb. 15, 2011).")

*Trade Show Servs., Ltd. v. Integrated Sys. Improvement Servs., Inc.,* Case No. 2:17-cv-01685-JAD-NJK, at *3-4 (D. Nev. Mar. 14, 2018).

## II.    PLAINTIFF HEREIN WAS NEVER A CLIENT OF THIERMAN BUCK, LLP

The lawyers of Thierman Buck, LLP are not a party to this action. It is inappropriate for any party to cast dispersion on opposing counsel unless absolutely necessary to advance a motion to disqualify or for sanctions.  Here, neither type of motion has been filed.  Therefore, Plaintiff and her Counsel should have refrained from making misleading and irrelevant arguments about a non-existent conflict of interest.  Unless opposing Counsel is prepared to prove that there is some conflict that requires court action, such spurious arguments should be struck from the record of this case.

It should now be clear from the Opposition that Plaintiff MARLONESHA BECKER was never a client of Thierman Buck, LLP.  It is further obvious that Plaintiff has had no direct contact

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

with anyone from Thierman Buck, LLP. Plaintiff's only claim of conflict is that she was dancer who could have been benefited by the prior lawsuit. The prior case was dismissed without any motion for class certification having been made, and there was not any amendment of the pleadings prior to voluntary dismissal without prejudice. Because Plaintiff was never a client of Defendants' lawyers, never communicated with any lawyer from Defendants' Counsel's law firm, and there was not a certified class, there has never been any violation of the Nevada Rules of Professional Conduct ("NRPC") by the representation of Defendants' by the law firm of Thierman Buck, LLP in this case.

It is black letter law that putative class members are not "represented" by class counsel prior to certification of the class. *See e.g., Atari v. Superior Court*, 166 Cal. App. 3d 867, 212 Cal. Rptr. 773 (1985); *In re McKesson HBOC, Inc. Securities Litigation*, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000). If Plaintiff's argument here were true, the putative class members were represented by plaintiff's class counsel before certification then a defendant's counsel could never contact any putative class members directly. But the law is exactly the opposite. As long as the communication is not misleading, a defendant's attorneys may (and often do) discuss the case with putative class members anytime up to the point of class certification. *See, e.g. Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).[1] If a plaintiff counsel represented putative class members in an uncertified class action then the *Gulf Oil* criteria for non-misleading communication would be totally unnecessary.

Thus, it is common knowledge among class action lawyers[2] that there is no attorney client relationship with putative class members before the class is certified by the court. And there was

---

[1] Likewise, Thierman Buck, LLP owes no duty to the Plaintiff here to discuss details of a settled and withdrawn lawsuit that does not include Plaintiff at all. Instead, it would be a violation of the Nevada Rules of Professional Conduct for anyone at Thierman Buck, LLP to discuss confidential settlement agreements and other intimate details of any case with the Plaintiff here when she was not a party represented by this law firm in the former dismissed case.

[2] The Court can take judicial notice from its own records that the vast majority of the cases filed by Thierman Buck, LLP in this Court, and others, are plaintiff wage hour class actions. *See, e.g.* Declaration of Mark R. Thierman is support of class certification in Ramirez *v. HG Staffing*, Case No. 3:16–cv–00318–LRH–WGC, LLC, 283 F. Supp. 3d 943, (D. Nev. 2017). As

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

no attorney client relationship with the Plaintiff here arising out of a prior case just because Plaintiff may have been within the class of those benefited from prospective relief in the earlier lawsuit (however, she was not a dancer in Reno when events occurred so could not claim compensation). The court in *Taylor v. Waddell Reed, Inc.* explained: As stated in :

> While lead counsel owes a generalized duty to unnamed class members, the existence of such a fiduciary duty does not create an inviolate attorney-client relationship with each and every member of the putative class. *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp. 2d 1239, 1245-46 (N.D. CA 2000). This is only a putative class action and not a certified class action. The employees who have filed notices seeking to join this lawsuit as class members, therefore, cannot be considered clients of the [law] firm. *Moriskey v. Public Service And Gas Co.,* 191 F.R.D. 419, 424 (D. NJ 2000).

*Taylor v. Waddell Reed, Inc.*, Civil No. 09-2909-AJB(WVG), at *7 (S.D. Cal. May. 20, 2011).

## III.   BECAUSE SHE WAS NEVER A CLIENT, PLAINTIFF CANNOT ASSERT A CONFLICT OF INTEREST IN THIS CASE

NRPC 1.7(a) prohibits a lawyer from representing a client "if the representation involves a concurrent conflict of interest."  Such a conflict exists if "[t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."  NRPC 1.7(a)(2).  However, even if a conflict arises, the rule also provides that "a lawyer may represent

stated by Judge Navarro in *Greene v. Jacob Transp. Servs., LLC*, Case No.: 2:09-cv-00466-GMN-CWH, at *12 (D. Nev. Sep. 19, 2017):

> Mark Thierman ("Thierman") and Joshua Buck ("Buck") (collectively "Plaintiffs' attorneys"), have invested in this case and attest to their many years of experience in handling wage and hour class actions. (Mot. to Certify 21:11-13); (see Thierman Decl. ¶¶ 5-11, Ex. 1 to Mot. to Certify, ECF No. 230-1); (see also Buck Decl. ¶ 5, Ex. 9 to Mot. to Certify, ECF No. 230-9). Specifically, Thierman, has been "counsel for a certified class in over 250 employment cases," demonstrating his knowledge of the applicable law. (Mot. to Certify 21:13-14); (see Thierman Decl. ¶ 7, Ex. 1 to Mot. to Certify). Plaintiffs' attorneys also indicate that their firm has the necessary resources to fully prosecute this case. (Mot. to Certify 21:16-17). Accordingly, the Court finds that Plaintiffs' attorneys are adequate to be appointed as certified class counsel, and Plaintiffs' Motion for Class Certification is granted.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 5 -

a client if ... [t]he lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; ... [t]he representation is not prohibited by law; ... [and e]ach affected client gives informed consent, confirmed in writing."  NRPC 1.7(b)(1), (2), (4).

Because the Plaintiff was never a client of Thierman Buck, LLP Plaintiff cannot assert any conflict of interest.  The Nevada Supreme court explained in *Liapis v. Second Judicial Dist. Court of State*, that,

> The party seeking to disqualify bears the burden of establishing that it has standing to do so. *See, e.g., Great Lakes Const., Inc. v. Burman*, 186 Cal.App.4th 1347, 114 Cal.Rptr.3d 301, 307 (2010). "The general rule is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest." *Model Rules of Prof'l Conduct R. 1.7* annot. (RPC 1.7 is identical to the model rule); *see also Great Lakes Const., Inc.,* 114 Cal.Rptr.3d at 307 ("Generally, before the disqualification of an attorney is proper, the complaining party must have or must have had an attorney-client relationship with that attorney.").

*Liapis v. Second Judicial Dist. Court of State*, 282 P.3d 733, 737 (Nev. 2012).

No one from Thierman Buck, LLP ever spoke with the Plaintiff, and she does not allege any information that she revealed in the prior case that would be relevant to this case.  The *Liapis* court, citing *Brown v. Eighth Judicial Dist. Ct.* concluded that "disqualification is not warranted absent proof of a reasonable probability that counsel *actually acquired* privileged, confidential information."  *See Liapis, citing Brown v. Dist Ct.,* 116 Nev. 1200, 1202, 14 P.3d at 1267 (emphasis in original).

## IV.    SCANDALOUS AD HOMININ MATERIAL SHOULD BE STRICKEN

Although motions to strike are generally disfavored, a Rule 12(f) motion to strike is proper when the claim is insufficient as a matter of law.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see also Ibrahim v. Bernhardt*, CIVIL ACTION NO: 19-cv-00101 SECTION: "KWR", at *7 (E.D. La. Jan. 8, 2020).  While "it is a generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant," disparagement of counsel is an attempt

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

to undermine the confidence of the client and the court in Counsel, and thus Defendant has made a clear showing of such prejudice. *See, e.g. Builders Mut. Ins. Co. v. Dragas Mgmt. Corp*., 709 F.Supp.2d 432, 437 (E.D.Va.2010) (internal citation omitted). *Cf, Adolphe v. Option One Mortg. Corp*., No. 3:11-CV-418-RJC, 2012 WL 3204009, at *2 (W.D.N.C. Aug. 6, 2012).

Here, the allegations of conflict of interest are both untrue, scandalous and irrelevant to the matter at hand—a motion to compel arbitration. The allegations are scandalous because the allegations improperly cast a derogatory light on Defendants' counsel. *See e.g., Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) ("A 'scandalous' matter improperly casts a derogatory light on someone, usually a party."); *Tuck v. Guardian Prot. Servs., Inc.,* Case No.: 15-CV-1376 JLS (JLB), at *4 (S.D. Cal. Mar. 20, 2017). Untrue, and scandalous matters should be stricken from the record unless they are relevant to the matter at hand. Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Evans v. Home Depot U.S.A.., Inc*., Case No. 16-cv-07191-JSW, at *3 (N.D. Cal. Feb. 21, 2017)

The allegation of conflict of interest are totally irrelevant to a motion to compel arbitration. *Ollier v. Sweetwater Union High Sch. Dist*., 735 F. Supp. 2d 1222, 1224 (S.D. Cal. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds *Fogerty v. Fantasy, Inc*. 510 U.S. 517 (1994)). A motion to strike should be granted because "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." N.*Y. City Emps. Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Rivers v. County of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. 2006)). "Granting a motion to strike may be proper if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Rees v. PNC Bank, N.A*., 308 F.R.D. 266, 271 (N.D. Cal. 2015). Unfounded *ad hominin* attacks on opposing counsel are clearly within the scope of a motion to strike.

## CONCLUSION

For the reasons stated herein, and the reasons originally stated in Defendants' Motion to Strike, the Court should grant Defendants' Motion to Strike Section D and all other references and allegations of a possible conflict of interest between Plaintiff and the Defendants' attorneys

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

in Plaintiffs' Opposition to Defendants' Motion to Dismiss and/or Compel Arbitration in this case.  The Court should also award attorney fees to moving party herein for having to file a motion to clear its name.

DATED: January 13, 2020     .                   Respectfully Submitted,

**THIERMAN BUCK LLP**

*/s/ Mark R. Thierman*
Mark R. Thierman
*Attorney for Defendants*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com