Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermabuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARLONESHA BECKER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KAMY KESHMIRI, an individual; JAMY KESHMIRI, an individual; FANTASY GIRLS, LLC. A Nevada limited Liability corporation, DOE MANAGERS 1-3; and DOES 4-100, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-00602-LRH-WGC<br><br>**DEFENDANTS' MOTION TO STRIKE CONSENT TO SUE FORM:**<br>1. **KIRSTEN DISCIPULO BECAUSE SHE SIGNED AN ARBITRATION AGREEMENT WITH CLASS AND COLLECTIVE ACTION WAIVER PROVISION**<br>2. **BROOKLYN DAVENPORT BECAUSE SHE HAS NOT PERFORMED AT FANTASY GIRLS WITHIN THE LAST THREE YEARS FROM THE FILING OF THE INITIAL COMPLAINT IN THIS MATTER** |

COME NOW Defendants KAMY KESHMIRI, an individual, JAMY KESHMIRI, an individual, and FANTASY GIRLS, LLC, a Nevada Limited Liability Corporation (hereinafter referred to collectively as "Defendants"), and pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and 12(f) move this Court for an Order striking the Consent to Sue form of Kirsten Discipulo, (ECF No. 32), filed on January 27, 2020 in this case for the same reasons stated previously in Defendants' Motion to Dismiss (ECF No. 12). Defendants further move to strike the consent to sue from Brooklyn Davenport on the grounds that she has not performed at Fantasy Girls within the last three years from the date of the filing of this lawsuit.

## ARGUMENT

### I. Kirsten Discipulo Signed an Arbitration Agreement

Defendants move to strike the Consent to Sue form of Kirsten Discipulo on the same grounds Defendants moved to dismiss the entire lawsuit. *See* ECF No. 12. Simply stated, Kirsten Discipulo cannot become a party plaintiff in any lawsuit against these Defendants arising out of her independent contractor or alleged employee status at Fantasy Girls because she has executed an agreement to arbitrate containing a class and/or collective action waiver. *See* Exhibit A, attached to the Declaration of Sandy McClelland.

### II.     Brooklyn Davenport's Claims are Time Barred

Even if the Plaintiff could plausibly allege willfulness, which it cannot, three years is the maximum statute of limitations for suing under the federal Fair Labor Standards Act, 29 U.S.C. §255 which states:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [ 29 U.S.C. 201 et seq.], the Walsh-Healey Act, or the Bacon-Davis Act 1 -
> (a) if the cause of action accrues on or after May 14, 1947-may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

In this case, the declaration of Sandy McClelland shows that Brooklyn Davenport has not worked or performed at Fantasy Girls for about five years or more. Obviously, her claim is time barred, even if the time for filing consents to sue is equally tolled to the date of the first filing this lawsuit which was not in her name at all. As stated in 29 U.S.C. § 256:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended [ 29 U.S.C. 201 et seq.], the Walsh-Healey Act, or the Bacon-Davis Act,1 shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act,1 it shall be considered to be commenced in the case of any individual claimant-
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear- on the subsequent date on which such written consent is filed in the court in which the action was commenced.

"Under the FLSA, an opt-in plaintiff's action is deemed 'commenced' from the date her opt-in form is filed with the district court. 29 U.S.C. § 256. " *Campbell v. City of L.A*., 903 F.3d 1090, 1104 (9th Cir. 2018). The consent to sue is the functional equivalent of a complaint, and subject to "dismissal" by motion to strike. The FLSA leaves no doubt that "every plaintiff who opts in to a collective action has party status." *Halle v. W. Penn Allegheny Health Sys. Inc*. , 842 F.3d 215, 225 (3d Cir. 2016) (quoting Wright & Miller, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed. 2018) ). Brooklyn Davenport did not work at Defendant Fantasy Girls within three years of the filing of her consent to sue, or even within three years of the filing of this complaint by Plaintiff Marlonesha Becker. Therefore, the Court should strike Brooklyn Davenport's consent to sue as untimely as if granting a motion to dismiss based upon the statute of limitation.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## CONCLUSION

For the reasons stated in Defendants' Motion to Dismiss, the Court should grant Defendants' Motion to Strike and thus Dismiss Kirsten Discipulo as a party plaintiff in this lawsuit. The Court should also strike Brooklyn Davenport's consent to sue as time barred.

DATED: February 20, 2020   .   Respectfully Submitted,

THIERMAN BUCK LLP

/s/ *Mark R. Thierman*
Mark R. Thierman
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

Pursuant for FRCP 5(b) and LR IC 4-1(d), I hereby certify that I am an employee of Thierman Buck Law Firm, and that on this the 20th of February 2020 I served a true and correct copy of the forgoing **DEFENDANTS MOTION TO STRIKE CONSENT TO SUE FORM FOR KIRSTEN DISCIPULO AND BROOKLYN DAVENPORT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David C. O'Mara
John P. Kristensen

*Attorneys for the Plaintiffs*
*Marlonesha Becker, individually*
*And on behalf of all others similarly situated*

  /s/ *Jennifer Edison-Strekal*
An employee if Thierman Buck Law Firm

CERTIFICATE OF SERVICE