David C. O'Mara (SBN 08599)
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, Nevada 89501
Telephone: 775-323-1321
Fax: 775-323-4082
*david@omaralaw.net*

John P. Kristensen
(*Pro Hac Vice*)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*

*Attorneys for Plaintiffs*

**THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA – RENO DIVISION**

| | |
|---|---|
| MARLONESHA BECKER, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>KAMY KESHMIRI, an individual; JAMY KESHMIRI, an individual; FANTASY GIRLS, LLC, a Nevada limited liability corporation; DOE MANAGERS 1-3; and DOES 4-100, inclusive,<br>　　　　　　Defendants. | Case No: 3:19-CV-00602-LRH-WGC<br><br>**PLAINTIFFS BEVERLY FLYNN, KIRSTEN DISCIPULO, AND BROOKLYN DEVENPORT'S NOTICE OF MOTION AND MOTION TO VACATE ORDER COMPELLING THEIR CLAIMS TO ARBITRATION AND LIFT STAY**<br><br>**[Oral Argument Requested]** |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiffs Beverly Flynn ("Flynn"), Kirsten Discipulo ("Discipulo"), and Brooklyn Devenport ("Devenport") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move this Court of an order vacating the Court's May 26, 2020 Order [Dkt. 45] compelling arbitration and requesting that the stay be lifted as a result of Defendants' waiver of arbitration due to nonpayment of arbitration fees.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits thereto, the pleadings, and all other papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Dated: July 17, 2020

THE O'MARA LAW FIRM, P.C. &
KRISTENSEN LLP

*/s/ John P. Kristensen*
David C. O'Mara
John P. Kristensen
*Attorneys for Plaintiffs*

# **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Beverly Flynn ("Flynn"), Kirsten Discipulo ("Discipulo"), and Brooklyn Devenport ("Devenport") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move this honorable Court to vacate its Order compelling Plaintiffs' claims to arbitration [Dkt. 45] and lift the stay of litigation.

## I. INTRODUCTION

Plaintiffs joined the collective action filed by plaintiff Marlonesha Becker ("Becker") on or around September 30, 2019 [Dkt. 1] involving individual and collective claims under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201, *et seq.*[1] against defendants Kamy Keshmiri, Jamy Keshmiri, and Fantasy Girls, LLC

---

[1] Plaintiffs' claims are centered on their misclassification as independent contractors. Time and time again, circuit courts and district courts have ruled in near unanimity, exotic dancers are employees. They are not independent contractors. *See Mason v. Fantasy, LLC*, No. 13–CV–02020–RM–KLM, 2015 WL 4512327, at *13 (D.Colo. July 27, 2015); *Henderson v. 1400 Northside Drive, Inc.*, No. 1:13–CV–3767–TWT, 2015 WL 3823995, at *5 (N.D. Ga. June 19, 2015); *Levi v. Gulliver's Tavern, Incorporated*, No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018) (granting dancer plaintiff's partial summary judgment that they are employees under the FLSA); *Vaughn v. Paradise Entm't Group, Inc.*, No. 14-CV-00914-SCJ, Dkt. 190 (N.D. Ga. Mar. 15, 2016) (summary judgment); *Verma v. 3001 Castor*, *Inc.*, No. 13-3034, 2014 WL 2957453, at *5 (E.D. Pa. June 30, 2014), *aff'd on appeal in Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3rd Cir. 2019); *McFeeley v. Jackson St. Ent., LLC*, 47 F.Supp.3d 260, 279 (D.Md. 2014) *Stevenson v. Great Am. Dream, Inc.*, No. 1:12–CV–3359–TWT, 2013 WL 6880921, at *6 (N.D. Ga. Dec. 31, 2013); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 912-913 (S.D.N.Y. 2013); *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 11457080 (E.D. Ark. Nov. 14, 2013); *Butler v. PP & G, Inc.*, No. CIV.A. WMN-13-430, 2013 WL 5964476, at *9 (D. Md. Nov. 7, 2013), *reconsideration denied*, 2014 WL 199001 (D. Md. Jan. 16, 2014); *Thornton v. Crazy Horse, Inc.*, No. 3:06–CV–00251–TMB, 2012 WL 2175753 (D. Alaska June 14, 2012); *Clincy v. Galardi S. Enters., Inc.*, 808 F.Supp.2d 1326, 1343 (N.D. Ga. 2011); *Thompson v. Linda and A. Inc.*, 779 F.Supp.2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp.*, No. 1:08-cv-1389-WTL-JMS, 2010 WL 2346334, at *6 (S.D. Ind. June 4, 2010); *Harrell v. Diamond A Entm't. Inc.*, 992 F.Supp. 1343, 1348 (M.D. Fla. 1997); *Reich v. Priba Corp.*, 890 F.Supp. 586, 594 (N.D. Tex. 1995); *Martin v. Priba Corp.*, No. 3:91-CV-2786-G, 1992 WL 486911, at *5 (N.D. Tex.

(collectively "Defendants"). This Court ordered the matter to arbitration. *See* Dkt. 45. Defendants have failed to pay the initial filing fees the American Arbitration Association ("AAA"), who in response refuses to administer the matters and will no longer adjudicate arbitrations for Defendants in the future. Thus, Defendants have unduly prejudiced Plaintiffs ability to adjudicate their claims and have no recourse other than to request that this Court vacate its Order compelling Plaintiffs' claims to arbitration and lift the stay of litigation. Plaintiffs contend in this motion that Defendants' refusal to make their required payments and continue with the arbitration constitutes either a waiver of arbitration or a breach of the arbitration agreement, or both. *See* Declaration of John P. Kristensen ("Kristensen Decl.") ¶ 3.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Becker filed this matter on September 30, 2019 [Dkt. 1]. In response to Becker's Complaint, Defendants filed a Motion to Dismiss and/or Compel Individual Arbitration [Dkt. 12] on November 19, 2019. Becker filed her Opposition [Dkt. 21] and Defendants filed their Reply [Dkt. 22]. *See* Kristensen Decl. ¶ 4.

On January 21, 2020, Flynn's Consent to Join was filed [Dkt. 29]. Defendants filed a Motion to Strike Flynn's Consent on January 24, 2020 [Dkt. 30]. Flynn filed her Opposition on February 7, 2020 [Dkt. 33]. Defendants' Reply was filed on February 14, 2020 [Dkt. 34]. On January 27, 2020, Discipulo and Devenport filed their Consents to Join [Dkt. 32]. Defendants filed their Motion to Strike Discipulo and Devenport's Consents to Join on February 20, 2020 [Dkt. 35]. Discipulo and Devenport filed their Opposition on March 5, 2020 [Dkt. 36] and Defendants filed their Reply on March 12, 2020 [Dkt. 37]. Defendants filed a Supplemental Reply on March 12, 20220 [Dkt. 38]. *See* Kristensen Decl. ¶ 5.

The Court issued its Order on May 26, 2020 [Dkt. 45]. *See* Kristensen Decl. ¶ 6.

---

1992); *see also Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th Cir. 1993) (affirming district court's determination that exotic dancers were employees under the FLSA).

At that point, Discipulo, Flynn, and Devenport were full plaintiffs with all the rights of the originally named plaintiff, Becker. *See* Kristensen Decl. ¶ 7. The Ninth Circuit made this clear in *Campbell v. City of Los Angeles*, stating that every plaintiff who opts in to a collective action obtains party status. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104-05 (9th Cir. 2018).[2]

Discipulo and Devenport filed their arbitration demands with AAA and paid their initial filing fees on June 2, 2020. Flynn filed her arbitration demand with AAA and paid her initial filing fee on June 3, 2020. *See* Kristensen Decl. ¶ 8, Exhibits ("Exs.") 1-3.

On June 10, 2020 AAA sent correspondence to the parties in the Flynn, Discipulo, and Devenport arbitrations and acknowledged receipt of Flynn, Discipulo, and Devenport's arbitration demands and filing fees and requested that Defendants pay $1,900 for their share of the initial fees for each arbitration demand by June 24, 2020. *See* Kristensen Decl. ¶ 9, Exs. 4-6.

On June 25, 2020 AAA sent additional correspondence noting that Defendants failed to make their share of the initial fees for the Flynn, Discipulo, and Devenport arbitrations on June 24, 2020 and requested that Defendants make their payments by July 9, 2020. *See* Kristensen Decl. ¶ 10, Exs. 7-9.

On July 13, 2020, AAA sent notice to the parties that Defendants failed to submit the requested payments regarding the Flynn, Discipulo, and Devenport arbitrations despite the AAA notices and missed deadlines and that AAA had closed their file and would decline to administer any future matters involving Defendants. *See* Kristensen Decl. ¶ 11, Exs. 10-12.

///

///

///

---

[2] Becker's dispute is still currently in arbitration, as Defendants' payments are currently up to date.

**PLAINTIFFS' MOTION TO VACATE ORDER COMPELLING THEIR CLAIMS TO ARBITRATION AND LIFT STAY**
– 4 –

## III. ARGUMENT

### A. Defendants' Failure to Pay Mandates Resumption of Litigation

It is well established that a stay of litigation imposed because of a compelled arbitration must be lifted when the party that moved for arbitration fails to pay applicable arbitral fees upon a demand by the arbitrator, thus resulting in the termination of the arbitration. The state of the law on this subject is well described by an excellent survey case out of the Tenth Circuit, *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1295 n.3 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 373, 193 L. Ed. 2d 292 (2015), wherein, in discussing numerous cases on the issue, the court summarized the law by stating that "some courts have viewed a party's failure to pay its share of the arbitration fees as a breach of the arbitration agreement, which precludes any subsequent attempt by that party to enforce that agreement," and that "[o]ther courts have treated the failure to pay arbitration fees as a waiver of the right to arbitrate," but concluded that "the result is the same." Notably, what happened in *Cahill* is exactly what happened here, as Defendants caused the AAA arbitration proceeding to be terminated after failing to pay their share of the arbitration costs. Furthermore, as was true in *Cahill*, this refusal to pay was made without the pretense of being unable to afford the requested arbitration fees. Whether this failure to pay is considered a breach of the arbitration agreement or a waiver of that agreement, as succinctly stated by the Tenth Circuit, "the result is the same." In either instance, the stay must be lifted and litigation must resume.

The Ninth Circuit in *Tillman v. Tillman*, 825 F.3d 1069 (2016) looked favorably upon *Cahill* noting that the arbitration proceedings "had been had" when the arbitration agency terminated arbitration proceedings due to a lack of payment of fees by the respondent because the arbitration agency had abided by its rules and determined that it would not proceed with the arbitrations further due to lack of payment. *Id.* at 1074.

///

The *Tillman* Court determined that because the arbitration agency had terminated the proceedings that "the district court properly lifted the stay."[3]

Here, AAA determined that the arbitration proceedings of Plaintiffs claims cannot proceed because Defendants failed to pay their share of the fees. Based on the Ninth Circuit's analysis in *Tillman*, the Court must lift the stay. Plaintiffs abided by the Court's Order and filed arbitration demands and paid their share of the fees. The AAA dutifully was prepared to administer the arbitrations upon receipt of Defendants' share of their fees. AAA, however, has been unable to and now refuses to administer any arbitrations involving Defendants in the future given their failure to pay their share of the fees. Since AAA refuses to adjudicate Plaintiffs' claims, they have nowhere to go. Their claims are lost and they have no recourse in arbitration to obtain an award as a result of Defendants' actions. *See* Kristensen Decl. ¶ 12.

**B.     Defendants Waived Arbitration by Failing to Pay Their Share of the Arbitration Fees**

By failing to pay their share of the arbitration fees, Defendants have waived their right to proceed with arbitration. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir.1986). This matter presents a clear case of waiver.

First, it is undisputed that Defendants had knowledge of their right to compel arbitration and proceed in arbitration. Not only did Defendants draft and force Plaintiffs to sign the arbitration agreements, Defendants also filed motions in this Court to compel Plaintiffs' claims to arbitration. *See* Kristensen Decl. ¶ 13.

---

[3] The Eleventh Circuit has also found this line of reasoning persuasive. *See Freeman v. Smartpay Leasing, LLC*, 777 Fed.Appx. 926 (11th Cir. 2019), affirming district court vacating arbitration stay where the arbitration administrator (JAMS) defaulted a Defendant, *Freeman v. Smartpay Leasing, LLC*, No. 6:17-cv-938-Orl-31GJK, 2018 WL 467390 (M.D. Fl. Jan. 18, 2018).

Second, after the Court issued its Order compelling arbitration, Plaintiffs promptly filed arbitration demands and paid their share of the filing fees. AAA send repeated notices to Defendants for their share of the filing fees, which Defendants failed to meet. No excuse or request for extensions was provided by the Defendants to AAA. Defendants remained silent and took no action in the wake of Plaintiffs initiating arbitrations in accordance with the Court's Order. Surely if Defendants wished to proceed with arbitration they would have paid the filing fees. After all, Defendants filed several motions in this Court requesting that Plaintiffs proceed with arbitration. Now, after having their requests granted, Defendants failed to follow through with the Court's Order, the arbitration, and AAA rules such that AAA has refused to administer any arbitrations for Defendants in the future and requested that Defendants remove AAA from their arbitration agreements. *See* Kristensen Decl. ¶ 14.

Third, Defendants' failure to pay their share of the arbitration fees has unduly prejudiced Plaintiffs as they are left without a venue to adjudicate their claims. This Court compelled Plaintiffs to adjudicate their claims in arbitration, but Defendants have denied Plaintiffs' ability to do so as AAA has refused to administer any arbitrations for Defendants. Plaintiffs are thus prevented from seeking legal redress for Defendants' violation of the FLSA. Plaintiffs are left without recourse to seek damages for Defendants' unlawful conduct. Plaintiffs have no other option but to seek relief from this Court in order to have a venue to adjudicate their claims as a direct result of Defendants' actions. *See* Kristensen Decl. ¶ 15.

Plaintiffs have met all three prongs of the *Fisher* test as it is clear that Defendants have relinquished their right to arbitration by failing to pay fees as required by AAA based on the arbitration agreements.

///

///

///

### C. Defendants' Expected Argument that Due to COVID-19 They Should Be Absolved of Their Contractual Agreements Lack Merit

Defendants will presumably argue that they should have some breathing space until their finances turn around. This argument will cause chaos if permitted to proceed. Defendants drafted and prepared an arbitration agreement that they would contractually pay a third party to adjudicate employment claims in lieu of Plaintiffs' rights to a trial by jury on federal claims in federal court. Material to the agreement was Defendants' promise to pay their share of the arbitration. Now Defendants will make an extraordinary argument that this Court should equitably sever the most material term in the agreement between Plaintiffs and Defendants and then force a third party arbitration administrator to ignore its own rules requiring payment. Also, AAA did not refuse to arbitrate the matter. It was willing to arbitrate as long as Defendants paid, as they have to date with Becker's claims. Defendants' failure to abide by this Court's Order, the arbitration provisions, and AAA's rules and deadlines has caused Plaintiffs' undue prejudice. *See* Kristensen Decl. ¶ 16.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court issue an Order that Defendants waived their right to arbitration, vacating its Order compelling arbitration [Dkt. 45], and ordering that Defendants file an Answer within 10 days and the lift is stayed as to Plaintiffs' claims.

Dated: July 17, 2020

THE O'MARA LAW FIRM, P.C. &
KRISTENSEN LLP

*/s/ John P. Kristensen*
David C. O'Mara
John P. Kristensen
*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I certify that on Friday, July 17, 2020, a true and correct copy of the attached **PLAINTIFFS BEVERLY FLYNN, KIRSTEN DISCIPULO, AND BROOKLYN DEVENPORT'S NOTICE OF MOTION AND MOTION TO VACATE ORDER COMPELLING THEIR CLAIMS TO ARBITRATION AND LIFT STAY** and accompanying documents were served via CM/ECF upon all participants of record, including the individuals listed below, pursuant to Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE:

Mark R. Thierman
mark@thiermanbuck.com
Joshua D. Buck
josh@thiermanbuck.com
Leah L. Jones
leah@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511

*Counsel for Defendants Kamy Kashmiri, Jamy Kashmiri, and Fantasy Girls, LLC*

                                         */s/ John P. Kristensen*
                                                   John P. Kristensen